## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>MARIA T MILIAN HERNANDEZ | CASE NO. 14-09594-ESL<br><br>CHAPTER 7 |
| RELIABLE FINANCIAL SERVICES, INC.<br>        MOVANT<br>             VS<br>MARIA T MILIAN HERNANDEZ<br><br><br>NOREEN WISCOVITCH-RENTAS, CHAPTER 7 TRUSTEE<br>     RESPONDENT(S) | |

## MOTION FOR RELIEF OF AUTOMATIC STAY IN ACCORDANCE TO 11 U.S.C. SECTION 362 (d)

**TO THE HONORABLE COURT:**

Comes now, **RELIABLE FINANCIAL SERVICES, INC.**, holder of a secured claim against debtor's(s') estate and Movant herein and shows the Court as follows:

**1.** Debtor(s) has (have) filed a bankruptcy petition under Chapter 13 on **NOVEMBER 21, 2014** and converted to Chapter 7 on **DECEMBER 20, 2016.**

**2**. Movant is the holder in due course of a duly executed conditional sales contract over a motor vehicle HYUND TUCSON GL 2013 registered under number 4188053, executed by debtor(s) on JUNE 22, 2013  (*See documents attached hereby as Exhibit I*).

**3.** At the moment of the filing of the petition debtor showed arrears on monthly installments in the amount of  **$3,976.00**.  As of today's date, debtor has failed to cure said arrears and to continue making post-petition payments on its due date.  Debtor's(s') non-compliance with the Bankruptcy Code requirements, is effectively causing undue harm to Movant's secured claim's holder status rights.   Therefore, Movant seeks the relief of the stay order, since its interest over the good mentioned in averment number one (1) is being harmed by the continuance of the same without receiving payments as entitled by the law.

362-CHAPTER 7 12-23-2016 021219

4. As a result of such arrears, debtor(s) is(as) indebted to Movant (*in post-petition payments*) in the amount of **$4,713.00**, which includes principal, matured interests, returned checks, late charges and legal fees ($181.00) over the same.

5. The debtor(s) has(have) defaulted to timely pay the aforestated installments, the debtor(s) has (have) defaulted in the terms of the note, which constitute enough "cause" for Movant to request the relief form the stay order in accordance to the requirements set forth in 11 USC Section 362 (d)(1).

**WHEREFORE**, Movant very respectfully requests from the Honorable Court to enter an order for the relief of the automatic stay and authorize it to obtain possession over property through the appropriate local court procedure.

**NOTICE TO ALL PARTIES** is herein given that if no opposition is filed within **FOURTEEN (14) DAYS** from the service of the notice, of the instant motion the Court may enter an order granting the relief of the automatic stay as requested.

## CERTIFICATE OF SERVICE

I hereby certify that the present motion was filed electronically with the Clerk of the Court using CM/ECF systems which will send notifications of such to the **NOREEN WISCOVITCH-RENTAS**, Trustee and **ROBERTO FIGUEROA CARRASQUILLO,** Debtor's(s') Attorney and that we have sent copy of this document through regular mail to Debtor(s) **MARIA T MILIAN HERNANDEZ,, JARD DE CERRO GORDO B30 5 STREET SAN LORENZO, PR 00754**.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico this 30th day DECEMBER, 2016.

/S/ **CARLOS E. PEREZ PASTRANA**
**USDC-208913**
Attorney for Movant
**PO BOX 21382**
**SAN JUAN, PR 00928-1382**
**TEL. 787-625-6645 FAX: 787-625-4891**
**cperezp@reliablefinancial.com**

**RELIABLE FINANCIAL SERVICES, INC**
9615 AVE. LOS ROMEROS, SUITE 1100
URB. MONTEHIEDRA, SAN JUAN, PR 00926

(Acuerdo de Gravamen Mobiliario—Venta Condicional)

EL VENDEDOR: HYUNDAI DE CAGUAS, INC.
NOMBRE COMPLETO
Dirección Completa del Negocio: URB SANTA ELVIRA CARR 189 KM 1.2 CAGUAS, P.R. 00725
Zip Code

vende y hace la siguiente divulgación requerida por Ley Federal

COMPRADOR: MARIA T MILIAN HERNANDEZ
NOMBRE COMPLETO
Dirección Residencial: VILLAS DEL SOPORTAL APARTAMENTO PH A 7 GURABO PR 00778
Zip Code
Dirección Postal

compra(n) el siguiente vehículo

conforme a todos los términos y condiciones mencionados a continuación y al dorso de este Contrato EL COMPRADOR por este medio constituye a favor del VENDEDOR un gravamen mobiliario sobre el vehículo descrito a continuación y sobre cualquier mejora, accesiones, bienes o equipo incorporados o adheridos a dicho vehículo y sobre cualquier otro bien o producto recibido por concepto de cualquier venta, cambio o disposición del vehículo (incluyendo cualquier pago bajo una póliza de seguro), para garantizar y asegurar el pago y cumplimiento total y a tiempo de todas las obligaciones contraídas por EL COMPRADOR bajo este Contrato o cualquier otro acuerdo futuro entre EL COMPRADOR y EL VENDEDOR. EL VENDEDOR retiene un gravamen sobre el vehículo, el cual ha sido entregado al COMPRADOR a su entera satisfacción, hasta que EL COMPRADOR haya pagado y satisfecho todas sus obligaciones bajo este Contrato. El vehículo gravado es el siguiente:

| AÑO | NUEVO O USADO | MARCA Y MODELO | NUM. DE CILINDROS | NUM. DE IDENTIFICACION DEL VEHICULO | Color: |
|---|---|---|---|---|---|
| 13 | NUEVO | HYUNDAI TUCSON | 4 | KM8JT3AB4DU716228 | Transmisión: ☐ Aut. ☐ Manual ☒ 4 Puertas ☐ 2 Puertas |

N/A

**TERMINOS DEL CONTRATO**

EL VENDEDOR tiene intenciones de ceder este Contrato a RELIABLE FINANCIAL SERVICES, INC ("RELIABLE") En caso de que este Contrato sea cedido, el término "VENDEDOR" en lo sucesivo incluirá a la Cesionaria, RELIABLE y cualquier cesionaria de ésta. Este documento constituye el Contrato entre las partes.

1. **EL COMPRADOR SE COMPROMETE A PAGAR AL VENDEDOR:**
   A. Los pagos requeridos por este Contrato en la oficina principal de RELIABLE o en cualquiera de sus sucursales o en cualquier otra entidad financiera autorizada por escrito por RELIABLE para aceptar dichos pagos. El COMPRADOR podrá efectuar sus pagos en esas otras entidades financieras siempre y cuando su cuenta bajo este Contrato no refleje atrasos mayores de dos(2) meses a la fecha del pago. Tales pagos estarán sujetos a todos los requisitos y normas establecidas por la institución financiera para aceptar y procesar los mismos. Todo cheque o pago electrónico devuelto conllevará un cargo de procesamiento de $10.00.
   B. Por cada plazo que esté en morosidad por un período mayor de quince (15) días una cantidad que no excederá del 5% del importe de cada plazo.
   C. Honorarios de abogado, en caso de referirse este Contrato a un abogado para un proceso de reposesión, cobro o cobro judicial, equivalentes a la cantidad de cincuenta dólares ($50.00) ó el 5% del balance de la deuda, lo que sea mayor, y si mediase una estipulación, cincuenta dólares ($50.00) ó el 5% de las mensualidades vencidas y cobradas, lo que sea mayor.
   D. Costas y gastos incurridos en relación con un proceso de reposesión, cobro o cobro judicial bajo este Contrato, incluyendo, pero no limitado a, sellos de rentas internas, fianza judicial, costos de investigación y diligenciamiento, grúa, seguro, almacenamiento y conservación del vehículo.
2. EL COMPRADOR certifica que es mayor de edad y goza de la capacidad legal necesaria para efectuar el otorgamiento de este Contrato.
3. EL COMPRADOR mantendrá el vehículo libre de toda clase de reclamaciones y gravámenes y no cederá ni transferirá su interés en este Contrato o en el vehículo a que éste se refiere, ni traspasará la posesión del vehículo, excepto con el consentimiento escrito del VENDEDOR. La venta, traspaso o cesión del interés del COMPRADOR en el vehículo o en el presente Contrato, no liberará al COMPRADOR de sus obligaciones bajo el mismo, excepto si obtiene del VENDEDOR su consentimiento escrito a la sustitución del deudor. EL VENDEDOR, podrá a su opción, pagar cualquier cantidad a los fines de obtener la liberación del vehículo de cualesquiera obligaciones. Cualquier cantidad que fuere pagada a esos efectos por el VENDEDOR será devuelta y pagada por el COMPRADOR inmediatamente que fuese requerido para ello, con intereses al tipo establecido en este Contrato. El COMPRADOR por la presente autoriza al VENDEDOR a dar cualquier información sobre este contrato, incluyendo balances adeudados bajo el mismo, a la persona a quien el COMPRADOR, sin el debido consentimiento escrito del VENDEDOR, le haya transferido la posesión del vehículo.
4. EL COMPRADOR pagará puntualmente todas las contribuciones, derechos de licencia, seguros y cualquier otra obligación o penalidad impuesta por cualquier entidad gubernamental en relación con el vehículo. El COMPRADOR no usará el vehículo ilegalmente, ni en forma impropia, ni lo alquilará, ni removerá de la jurisdicción del Estado Libre Asociado de Puerto Rico, sin autorización expresa del VENDEDOR.
5. IMPORTANTE: Tal como dispuesto en el Programa de Pagos, este contrato puede proveer para el pago de un plazo de balance residual que será substancialmente mayor que los previos pagos periódicos regulares y el cual estará sujeto a la misma tasa de interés anual determinada para el presente contrato. El COMPRADOR tiene la obligación de satisfacer el importe del plazo de balance residual al finalizar el término de este contrato (dicho plazo estará identificado con un asterisco en el "Programa de Pagos"). La obligación del COMPRADOR de satisfacer este plazo final no está sujeta a que el COMPRADOR tenga la capacidad de obtener financiamiento o refinanciar dicho balance residual con RELIABLE, otra institución bancaria o financiera o terceras personas. No se debe entender que RELIABLE tiene obligación alguna, expresa o

implícita, de refinanciar el balance residual una vez se considere vencido.
INCUMPLIMIENTO: El tiempo es un factor esencial en este Contrato. EL VENDEDOR podrá acelerar el vencimiento de toda o parte de la suma adeudada bajo este Contrato en cualquiera de las siguientes (Continúa al dorso)

Las disposiciones consignadas al dorso de este Contrato y sus anejos son parte del mismo y quedan incorporados a él por referencia.

**VEASE AL DORSO PARA EL RESTO DEL CONTRATO**

**DETALLES DE LA CANTIDAD FINANCIADA**

| | | | |
|---|---|---|---|
| 1 | PRECIO DE VENTA AL CONTADO (incluyendo equipo adicional, etc.) | $ | 24,995.00 |
| 2 PRONTO PAGO | a. Pronto pago en efectivo... $ 2,000.00 | | |
| | b. Vehículo tomado a cuenta (Trade-in) N/A N/A N/A | | |
| | Descripción: Marca - Año - Modelo | | |
| | Valor Bruto acordado del Vehículo $ N/A | | |
| | Menos la cantidad adeudada de $ N/A | | |
| | Valor Neto acordado del Vehículo tomado en cuenta $ N/A | | |
| | PRONTO PAGO TOTAL (suma de partidas a y b) | $ | 2,000.00 |
| 3 | BALANCE ADEUDADO DEL PRECIO AL CONTADO | $ | 22,995.00 |
| 4 CARGOS POR DERECHOS | CANTIDADES PAGADAS A OTROS POR CUENTA SUYA | | |
| | Licencia, Seguro Obligatorio y ACAA $ N/A (c) | | |
| | Título/Traspaso $ 10.00 (d) | | |
| | Inscripción/Sellos $ 125.00 (e) | | |
| | Declaración de Financiamiento y Terminación (Ley 208 del 17 de agosto de 1995) $ 10.00 (f) | | |
| | CARGOS POR DERECHO TOTAL (suma de partidas c, d, e y f) | $ | 145.00 |
| 5 | SEGUROS Y OTROS PRODUCTOS (Véase divulgación adicional que se aneja.) | $ | 3,558.00 |
| 6 | BALANCE CANTIDAD FINANCIADA (suma de partidas 3, 4, y 5) | $ | 26,698.00 |

**DIVULGACION REQUERIDA POR LEY FEDERAL**

| TASA DE POR-CIENTO ANUAL El costo de su crédito como porciento anual | CARGO POR FINANCIAMIENTO El costo de su crédito en dólares (ver 1C) | Cantidad Financiada La cantidad de crédito que se le provee a usted o a su beneficio |
|---|---|---|
| 15.45 % | $ 14,341.04 | $ 26,698.00 |
| **Total de Pagos** La cantidad que habrá pagado después de efectuar todos los plazos tal y como fueron programados. $ 41,039.04 | **Precio de Venta Total** El costo total de su compra a crédito incluyendo su pronto pago de: $ 2,000.00 $ 43,039.04 | |

**Programa de Pagos**

| NUM. DE PAGOS | CANT. DEL PAGO | VENCIMIENTO DE LOS PAGOS |
|---|---|---|
| 1 | $ 711.04 | En o antes del 22 JUL 13 |
| 71 | $ 568.00 | Mensualmente comenzando el 22 AGO 13 |
| * | $ | En |
| | $ | En |

Saldo por Anticipado: Si usted saldar su deuda anticipadamente, podrá obtener un reembolso parcial del cargo por financiamiento. No se cobrará penalidad por prepago.
Cargo por Demora: Se cobrará al COMPRADOR por cada pago que esté en morosidad por un período mayor de 15 días, un cargo que no excederá 5% del importe de cada pago.
Gravamen: El vendedor tendrá un gravamen sobre el referido vehículo a los efectos de garantizar el pago total de la obligación contraída por el COMPRADOR.
Refiérase al resto del contenido del Contrato para información sobre incumplimiento, motivos para acelerar el vencimiento de la deuda y reembolso de cargos por financiamiento.

AVISO AL COMPRADOR: NO FIRME ESTE CONTRATO SIN LEERLO O SI EL MISMO CONTIENE ESPACIOS EN BLANCO. USTED TIENE DERECHO A UNA COPIA DE ESTE CONTRATO, BAJO LA LEY ACTUAL USTED TIENE DERECHO A SALDAR POR ANTICIPADO EL BALANCE ADEUDADO BAJO EL CONTRATO. EN ESTOS CASOS SE CANCELARA EL PRINCIPAL ADEUDADO A LA FECHA DEL PAGO MAS CUALQUIER BALANCE PARA CUBRIR CARGOS O INTERESES DEVENGADOS A ESA FECHA.

CERTIFICO HABER RECIBIDO COPIA DE ESTE CONTRATO DE VENTA AL POR MENOR A PLAZOS Y QUE HE LEIDO AMBOS LADOS DE ESTE DOCUMENTO CONTRATO DE VENTA AL POR MENOR A PLAZOS.

LA TASA DE PORCIENTO ANUAL PUEDE SER NEGOCIADA CON EL VENDEDOR. EL VENDEDOR PUEDE CEDER SUS DERECHOS SOBRE ESTE CONTRATO Y RESERVAR EL DERECHO DE RECIBIR PARTE DE LOS CARGOS POR FINANCIAMIENTO.

AVISO AL DEUDOR. USTED ESTA ADVERTIDO QUE EL VENDEDOR/ACREEDOR GARANTIZADO TENDRA DERECHO A LA POSESION DE LA PROPIEDAD GRAVADA (EL VEHICULO) LUEGO DE UN EVENTO DE INCUMPLIMIENTO SIN INCOAR PROCEDIMIENTO JUDICIAL.

Suscrito hoy 22 de JUN de 13
en CAGUAS , Puerto Rico.

Hyundai de Caguas, Inc
PMB 479 #200
Caguas, PR 00725-

X _____ Firma del Comprador(es)

X _____ Firma del VENDEDOR

AN ENGLISH TRANSLATION OF THIS CONTRACT IS AVAILABLE AT YOUR REQUEST.
Rev. 02/13

PRIMER ORIGINAL

**TÉRMINOS DEL CONTRATO (cont.)**

circunstancias: (i) Cuando el COMPRADOR falte en el pago de tres plazos consecutivos; (ii) cuando el COMPRADOR falte en el pago de uno o más plazos consecutivos y en dos o más ocasiones anteriores había dejado de pagar dos o más plazos consecutivos y en dichas ocasiones se había rehabilitado totalmente el Contrato por haber pagado dichos plazos atrasados; (iii) cuando el COMPRADOR que ha dejado de pagar uno o más plazos consecutivos presente un pago parcial de la suma vencida y después de efectuar ese pago parcial continúa pagando los plazos según a su vencimiento, pero sigue en mora con respecto al remanente de la suma vencida durante tres plazos consecutivos posteriormente a la fecha en que efectuó el pago parcial, entendiéndose que el VENDEDOR no podrá negarse a recibir el importe de uno o más plazos vencidos si el COMPRADOR le presenta el pago, a menos que el VENDEDOR haya iniciado una reclamación judicial en los casos que esto proceda, sin embargo, la aceptación no conllevará la condonación del resto de los plazos atrasados ni de la deuda. También podrá acelerarse el vencimiento de toda o parte de la suma adeudada bajo este Contrato por incumplimiento del mismo bajo las siguientes circunstancias: (i) Cuando el COMPRADOR dejare de obtener o mantener el seguro aquí requerido, o (ii) si ocurre desquare cualquiera de los términos, representaciones y condiciones de este Contrato, o (iii) si el VENDEDOR recibiere información de que la propiedad está siendo utilizada o está en peligro de ser utilizada indebidamente en actos delictivos que puedan acarrear la confiscación de la propiedad, o (iv) si el seguro de vehículo es cancelado por culpa del COMPRADOR o el vehículo es embargado en aseguramiento de sentencia por terceras personas en cualquier clase de procedimiento judicial u ocupado o confiscado por autoridad públicamente. En caso de incumplimiento, el VENDEDOR podrá reposeer el vehículo en cualquier lugar donde el mismo sea localizado, a lo cual expresamente el COMPRADOR consiente, si el COMPRADOR no lo hubiere redimido de acuerdo con la ley, el VENDEDOR podrá vender o disponer del vehículo a través de cualquier procedimiento a tenor con la ley. El producto de dicha venta menos las deducciones permitidas, incluyendo el reembolso de los gastos incurridos por el VENDEDOR por motivo de la reposesión y venta del vehículo, será aplicado al pago de las obligaciones del COMPRADOR bajo este Contrato. El sobrante, si alguno, será pagado al COMPRADOR, a menos que por ley se disponga otra cosa. Cualquier falsa representación o información suministrada por el COMPRADOR al VENDEDOR para inducir a éste a conceder crédito en relación con la compra del vehículo, constituirá un evento de incumplimiento del COMPRADOR bajo el presente Contrato. En caso de incumplimiento, el COMPRADOR, a requerimiento del VENDEDOR, pondrá el vehículo a disposición del VENDEDOR en un lugar que éste designe. Después de la reposesión o entrega voluntaria, EL COMPRADOR firmará todos aquellos documentos necesarios para ceder la titularidad en el vehículo al VENDEDOR o un tercero que éste designe. EL COMPRADOR será responsable al VENDEDOR de cualquier deficiencia que pueda surgir en relación con sus obligaciones bajo este Contrato, una vez al VENDEDOR haya dispuesto del vehículo gravado y deducido los gastos razonables incurridos en el cobro de la deuda garantizada. EL VENDEDOR podrá, durante horas razonables, inspeccionar físicamente el vehículo dondequiera que el mismo se encuentre. En caso de incumplimiento del COMPRADOR con cualquiera de los términos y condiciones de este Contrato, el VENDEDOR tendrá todos los derechos y remedios a su favor contemplados bajo la Ley de Transacciones Garantizadas (Ley 208 del 17 de agosto de 1995) y cualquiera otra ley aplicable, incluyendo el derecho a la posesión y disposición del vehículo gravado sin incoar un procedimiento judicial. Además, en caso del VENDEDOR tomar posesión del vehículo bajo cualquier procedimiento permitido por ley, las partes acuerdan que: (i) el COMPRADOR reembolsará al VENDEDOR todos los gastos incurridos por el VENDEDOR para obtener el recobro, posesión, tenencia y preparación del vehículo para su disposición; y (ii) el VENDEDOR no será responsable de cualquier daño o menoscabo que pueda sufrir el vehículo o cualesquiera de sus componentes, equipo o accesorios en relación con las gestiones del VENDEDOR al tomar posesión y retener el vehículo, o a la posible desaparición de, o daño que sufra la apropiedad u objetos localizados dentro del vehículo.

**6. RIESGOS POR PÉRDIDA -- SEGUROS:** El vehículo estará bajo el control del COMPRADOR y éste obtendrá y mantendrá por su cuenta, durante todo el tiempo que la obligación esté pendiente de pago bajo este Contrato, un seguro protegiendo por lo menos el interés del VENDEDOR contra pérdida, daño o destrucción de o al vehículo en la forma y cantidades que el VENDEDOR le requiera. La inclusión de un cargo por seguro en este Contrato no relevará al COMPRADOR de tal obligación, sino que solamente autoriza al VENDEDOR a tratar de obtener los seguros requeridos a nombre del COMPRADOR a través de un agente de seguros autorizado; disponiéndose que si el VENDEDOR no pudiere obtener los seguros requeridos bajo los términos indicados por las cantidades aquí indicadas y por el tiempo requerido, el VENDEDOR podrá: (i) obtener tal seguro por aquel período, si alguno, que el agente de seguros a quien el VENDEDOR lo solicite pueda proveer por dicha cantidad. En caso de que el COMPRADOR dejare de presentar evidencia satisfactoria de dicho seguro, el VENDEDOR podrá obtener dicho seguro, pero no vendrá obligado a hacerlo. Los derechos del VENDEDOR bajo este Contrato no serán perjudicados si no lo hiciera, y dicho seguro protegería el interés del VENDEDOR solamente. En tal caso, el COMPRADOR se obliga pagar, además de sus obligaciones bajo este Contrato, un cargo igual al importe de la prima de tal seguro obtenido por el VENDEDOR, inmediatamente que fuere requerido para ello, conjuntamente con los intereses sobre dicha cantidad al tipo contractual más alto que se permita por ley. El COMPRADOR por la presente cede al VENDEDOR cualesquiera sumas de dinero, siempre que no exceda del balance insoluto bajo este Contrato, que pudiera ser pagaderas bajo cualquier seguro, quienquiera que lo obtenga, y expresamente solicita y autoriza a cualquier compañía de seguros a hacer el pago de dichas sumas de dinero directamente al VENDEDOR para ser aplicadas al balance insoluto bajo este Contrato; el COMPRADOR designa al VENDEDOR como su apoderado para endosar en nombre del COMPRADOR en cualquier cheque o giro que represente pagos al COMPRADOR de tales sumas de dinero; y el COMPRADOR autoriza al VENDEDOR a cancelar dichas pólizas y transigir cualquier reclamación relacionada con las mismas. El importe de dicho seguro, quienquiera que lo obtenga, se dedicará a reponer el vehículo o el pago de la obligación bajo este Contrato. Si el COMPRADOR obtiene una póliza de seguro, éste será responsable al VENDEDOR por cualquier balance adeudado bajo este Contrato que no fuera cubierto por la póliza. (Seguro de Vida y otras opciones, véase Anexo de Contrato - Seguros).

**7. GENERAL:** Ningún traspaso, renovación, prórroga, o cesión de este Contrato o de cualquier interés bajo el mismo, y ninguna pérdida, daño o destrucción al vehículo relevará al COMPRADOR de sus obligaciones bajo este Contrato, excepto si la totalidad de la pérdida, daño o destrucción está cubierta por la póliza de seguro incluida en este Contrato si alguna y la compañía de seguro en efecto realiza el pago total de la cantidad adeudada a RELIABLE. El COMPRADOR no podrá dar el vehículo objeto de este Contrato en prenda, hipoteca o en garantía de obligación alguna, removerlo de Puerto Rico, guardarlo usualmente en una dirección distinta de la que se indica como la del COMPRADOR en este Contrato, excepto con el consentimiento escrito del VENDEDOR. La omisión o demora por parte del VENDEDOR en hacer uso de cualquier derecho que pueda tener bajo este Contrato no constituirá una renuncia de tal derecho. Si este Contrato fuere firmado por más de un COMPRADOR, la obligación de éstos será solidaria (in solido). Todos los derechos, privilegios, acciones y obligaciones de las partes bajo este Contrato se considerarán igualmente extensivos a sus herederos, administradores, albaceas o cesionarios. El VENDEDOR (y en este caso, y solamente aquí, se entenderá que la palabra "VENDEDOR" no incluye al cesionario del VENDEDOR), se compromete a inscribir el título del vehículo a nombre del COMPRADOR en la División de Vehículos de Motor del Departamento de Transportación y Obras Públicas, y el COMPRADOR acepta que el VENDEDOR, o su Cesionario retenga la licencia que se expida a su nombre por el tiempo que sea necesario para inscribir este Contrato en dicha División de Vehículos de Motor y retenga, además, el Certificado de Título hasta tanto el COMPRADOR haya satisfecho todas sus obligaciones bajo este Contrato. Este Contrato constituye el convenio total entre el COMPRADOR y el VENDEDOR y ninguna modificación de los términos y condiciones del mismo será válida en ningún caso y el COMPRADOR expresamente renuncia al derecho de descansar en ellas, a menos que hayan sido debidamente otorgadas por escrito por el VENDEDOR. Cualquier disposición de este Contrato prohibida por la ley será ineficaz hasta donde se extienda tal prohibición sin invalidar las otras disposiciones de este Contrato. Este Contrato se regirá por la ley de Puerto Rico. A requerimiento del VENDEDOR, el COMPRADOR llevará a cabo aquellos actos y suscribirá aquellos documentos que el VENDEDOR estime necesarios o convenientes para proteger, mantener, perfeccionar y poner en vigor el gravamen mobiliario del VENDEDOR sobre el vehículo y cualquier otro derecho del VENDEDOR bajo este Contrato. Una fotocopia del presente Contrato o de la declaración de financiamiento será suficiente para ser utilizada como una declaración de financiamiento bajo la Ley 208 del 17 de agosto de 1995. Cualquier comunicación a RELIABLE FINANCIAL SERVICES, INC., bajo cualquier disposición de ley se hará por escrito a través del correo certificado con acuse de recibo a la siguiente dirección: RELIABLE FINANCIAL SERVICES, INC., Apartado 21382, San Juan, PR 00928-1382.

**8. AVISO IMPORTANTE DE INFORMACION RELACIONADA A EL COMPRADOR:** El COMPRADOR da su consentimiento a que cualquiera de las corporaciones afiliadas a RELIABLE haga uso de la información relacionada a su cuenta con RELIABLE y en cualquier documento relacionado a su cuenta con el propósito de determinar si RELIABLE o cualquiera de sus corporaciones afiliadas interesan enviarle materiales promocionales a el COMPRADOR, o de contactar a el COMPRADOR con relación a productos adicionales o servicios, o para cualquier otro propósito. El COMPRADOR autoriza a RELIABLE y a cualquiera de sus afiliadas para obtener informes de crédito de el COMPRADOR para estos propósitos. El COMPRADOR autoriza a RELIABLE y a cualquiera de sus corporaciones afiliadas a compartir y a utilizar en conjunto cualquier información suya que tengamos para estos propósitos, incluyendo información contenida en sus informes de créditos. Si el COMPRADOR decide que no desea que RELIABLE o sus corporaciones afiliadas utilicen esta información para estos propósitos, el COMPRADOR lo notificará escribiéndonos a: **RELIABLE FINANCIAL SERVICES, INC., ATENCION: CREDIT BUREAU COORDINATOR, APARTADO 21382, SAN JUAN, PR 00928-1382.** El COMPRADOR entiende y acuerda que aún cuando nos notifique que no interesa que RELIABLE, o sus corporaciones afiliadas usen esta información para estos propósitos, RELIABLE podrá compartir información exclusivamente en cuanto a transacciones o experiencias entre el COMPRADOR y RELIABLE con cualquiera de sus corporaciones afiliadas. El COMPRADOR también tiene el derecho de notificar si enviamos información incorrecta sobre su cuenta a las agencias de información de crédito. Dichas notificaciones serán enviadas por escrito a RELIABLE a la dirección que aparece arriba.

**A: RELIABLE FINANCIAL SERVICES, INC. ACUERDO DE CESION Y REVENTA DEL VENDEDOR**

Por valor recibido el VENDEDOR que suscribe por la presente, CEDE, VENDE y TRASPASA a RELIABLE FINANCIAL SERVICES, INC. ("RELIABLE"), sus sucesores y cesionarios todo su título, derecho e interés en este Contrato y cualquier otro Contrato que de tiempo en tiempo RELIABLE, a su sola discreción, determine adquirir del VENDEDOR mediante acuerdo escrito. El VENDEDOR por la presente, representa y garantiza que no ha ocurrido cosa alguna que haya podido afectar o modificar la validez y el cumplimiento de este Contrato en todas sus partes, de acuerdo con sus términos, y que el vehículo a que este Contrato se refiere no es objeto de ninguna reclamación o defensa por parte del COMPRADOR y están libres de todo gravamen, excepto el gravamen constituido por este Contrato, siendo tal vehículo de la propiedad del VENDEDOR, quien tiene derecho absoluto para ceder, vender y traspasar el título del presente Contrato y que el vehículo que en él se describe se encuentra libre de defectos y en buen estado de uso. El VENDEDOR garantiza y representa además, que la cantidad en efectivo mencionada en este Contrato como pronto pago del COMPRADOR ha sido recibida por el VENDEDOR y pagada por el COMPRADOR y que ninguna parte de dicho dinero fue suplido por el VENDEDOR o su agente, y que el VENDEDOR no retiene obligación diferida alguna del COMPRADOR o su agente que se relacione con esta compraventa, y que las manifestaciones hechas en este Contrato y toda documentación suministrada a RELIABLE en relación con el mismo son verdaderas y ciertas en todas sus partes. Además, el VENDEDOR representa y garantiza a RELIABLE, que (i) el Contrato cedido evidencia una compraventa bona fide del vehículo y que el mismo refleja correctamente todos sus términos y no es rescindible; (ii) el COMPRADOR bajo el Contrato es el verdadero adquirente del vehículo; (iii) en relación con el Contrato se han cumplido con todas las leyes y reglamentos locales y federales aplicables incluyendo las leyes y reglamentos aplicables de "Fair Lending"; y se han tomado todos los pasos necesarios para perfeccionar un gravamen sobre el vehículo; (iv) el vehículo ha sido entregado al verdadero COMPRADOR; (v) el Contrato constituye una obligación válida y exigible del COMPRADOR y que éste no tiene ninguna reclamación en contra del VENDEDOR por violación del Contrato, disposición de alguna ley aplicable o por defectos en el vehículo. El VENDEDOR acuerda recomprar el Contrato a solicitud de RELIABLE en caso de que el VENDEDOR incumpla con cualquiera de las obligaciones, representaciones y garantías aquí indicadas o si el Contrato se resuelve por ley o de otra forma. El VENDEDOR acuerda indemnificar y salvaguardar a RELIABLE de toda responsabilidad, demandas, reclamaciones, costas, gastos, desembolsos, honorarios de abogado en los cuales RELIABLE, incurra en razón del incumplimiento del VENDEDOR de cualquiera de las representaciones o garantías mencionadas. RELIABLE podrá permitir modificaciones al Contrato o conceder extensiones en cuanto a los pagos adeudados bajo el mismo, sin que tal acción afecte la responsabilidad del VENDEDOR hacia RELIABLE y sin que sea necesario el consentimiento del VENDEDOR a tales modificaciones o extensiones.

El VENDEDOR garantiza y representa también, que no ha incrementado el precio de compra ni el costo de financiamiento que en ningún Contrato, ni ha tomado ninguna acción adversa contra un solicitante o comprador por ser cualquiera de ellos miembro de una clase protegida, según definido por la ley aplicable. El VENDEDOR no ha llevado a cabo acción alguna, práctica o política que pudiera tener un impacto negativo, no permitido entre los miembros de una clase protegida según la definición provista en la ley aplicable. En caso de violación de cualquiera de sus obligaciones bajo este Contrato, el VENDEDOR, en su carácter personal, se obliga a readquirir el mismo de RELIABLE, sus sucesores y cesionarios. El VENDEDOR, además, se compromete que a opción de RELIABLE, proveerá toda la documentación necesaria para inscribir el vehículo y el gravamen aquí constituido en los Registros Gubernamentales correspondientes o someterá a RELIABLE, sus sucesores y cesionarios, toda la documentación necesaria, para poder inscribir el vehículo y el Contrato dentro del término dispuesto por la ley, libre de cargas y gravámenes, con excepción de aquellos constituidos por el Contrato.

El suscribiente representa que es el propietario del concesionario, o "dealer" VENDEDOR en el presente contrato y garantiza en su carácter personal todas las obligaciones contraídas por dicho vendedor en la presente cesión.

Hoy día _13_ de _____ de _04_ _____ Nombre y Firma del Vendedor

Ley de Puerto Rico: **AVISO AL CESIONARIO:** El cesionario que reciba o adquiera el presente Contrato al por menor a plazos o un pagaré relacionado con éste, quedará sujeto en igualdad de condiciones, a cualquier reclamación o defensa que el comprador pueda interponer en contra del vendedor. El cesionario del Contrato tendrá el derecho a presentar contra el vendedor todos los reclamos y defensas que el Comprador pueda levantar contra el vendedor de los artículos o servicios.

**LEY FEDERAL:** La Comisión Federal de Comercio requiere que se incluya el siguiente aviso, el cual no debe entenderse como una limitación a los derechos expuestos en el aviso anterior que requiere la ley estatal.

CUALQUIER TENEDOR DE ESTE CONTRATO DE CREDITO AL CONSUMIDOR ESTA SUJETO A TODAS LAS RECLAMACIONES Y DEFENSAS QUE EL DEUDOR PUDIERE ALEGAR EN CONTRA DEL VENDEDOR DE LOS BIENES Y SERVICIOS OBTENIDOS DE CONFORMIDAD EN EL MISMO O DE LOS REDITOS DE ESTE CONTRATO. EL RECOBRO POR EL DEUDOR NO EXCEDERA DE LAS CANTIDADES PAGADAS POR EL DEUDOR BAJO ESTE CONTRATO.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERE TO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.



9615 Ave. Los Romeros, Suite 1100 Urb Montehiedra
San Juan, PR 00926
PO Box  21382 San Juan, PR 00928-1382
Tel. 787-625-6647  Fax 787-625-4891

## Post-petition Arrears Statement

Debtor:         MARIA T. MILIAN HERNANDEZ

Case #:         14-09594-ESL
Account #:      3788

Post-pettion arrears June  through December 2016

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | 7 | @ | $568.00 | = | $3,976.00 |
| Late charges: | 21 | @ | $28.40 | = | $596.40 |
|  |  |  | Sub-Total: |  | $4,572.40 |
| Filing Legal fees: |  |  |  |  | $181.00 |
| Credit: |  |  |  | - | $40.40 |
|  |  |  | Total arrears: |  | $4,713.00 |

Name:   /S/FELIPE A. MARRERO
        BANKRUPTCY OFFICER

Date: 12/23/2016
F:\DATA\Quiebras\RADICACIONES\14-09594-ESL\CALCULATION 362

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**MARIA T MILIAN HERNANDEZ**<br><br>**DEBTOR(S)** | CASE NO. 14-09594-ESL<br><br>CHAPTER 7 |
| **RELIABLE FINANCIAL SERVICES**<br>**MOVANT**<br>**VS**<br>**MARIA T MILIAN HERNANDEZ**<br><br>**NOREEN WISCOVITCH-RENTAS,**<br>**CHAPTER 7, TRUSTEE**<br>**RESPONDENT(S)** | |

**MOTION SUBMITTING DECLARATION**
**UNDER PENALTY OF PERJURY**

Comes now, **RELIABLE FINANCIAL SERVICES.INC.**, holder of a secured claim and Creditor herein and submitting to the Honorable Court the following declaration:

I, **Felipe Marrero Clemente**, **Bankruptcy Officer** for RELIABLE FINANCIAL SERVICES, declare under penalty of perjury, the following:

That according to the enclosed certification, provided by Department of Defense Manpower Data Center (DMDC), debtor(s) is(are) not on active military duty nor in the military service and does not fall within the Service Member Civil Relief Act of 2003.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico this 23 day of DECEMBER, 2016.

/S/Felipe Marrero Clemente
**Bankruptcy Officer**
P. O. Box 21382
San Juan, PR 00928-1382
TEL (787)625-6717 FAX: (787)625-4891
fmarreroc@reliablefinancial.com

QUR362NOMI_10G.RDF
v.05.29.2013

Department of Defense Manpower Data Center

Results as of : Dec-23-2016 10:42:34 AM

SCRA 3.0



# Status Report
## Pursuant to Servicemembers Civil Relief Act

SSN: XXX-XX-7768

Birth Date:

Last Name: MILIAN

First Name: MARIA

Middle Name:

Active Duty Status As Of: Dec-23-2016

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: F7P62CA4Y4DB380